Filed 10/3/24  P. v. Sanchez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JULIO CESAR SANCHEZ,<br><br>     Defendant and Appellant. | E082813<br><br>(Super.Ct.No. FVA06723)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Belinda Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Julio Cesar Sanchez appeals from the trial court's order denying his petition for resentencing under Penal Code[1] section 1172.6.[2] For the reasons set forth *post*, we affirm the court's order.

## STATEMENT OF THE CASE

A.   <u>PROCEDURAL BACKGROUND</u>

On March 11, 1998, a jury found defendant and codefendant Ramon Gonzalez guilty of first degree murder under section 187, subdivision (a).  Moreover, the jury found true the allegation that defendant had carried a firearm during the commission of a street-gang-related crime.  Additionally, the jury found not true that the victim's death resulted from defendant discharging a firearm from a motor vehicle under section 12022.55. (*People v. Sanchez* (2001) 26 Cal.4th 834, 843-844 (*Sanchez*))  Furthermore, "Gonzalez was separately convicted of the felony of shooting at an occupied vehicle; the section 12022.5, subdivision (b)(1), allegation was found true under that count, but not true as alleged under the murder count." (*Id.* at p. 844.)  "Given the inconsistency, the trial court at sentencing reduced the section 12022.5, subdivision (b)(1) enhancement to personal firearm use (§ 12022.5, subd. (a))." (*Ibid.*)

Both defendant and Gonzalez admitted the gang enhancement allegations. (*Sanchez, supra*, 26 Cal.4th at p. 844.)  The trial court sentenced both defendant and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant filed his petition under former section 1170.95.  The section will be referred to as section 1172.6.

Gonzalez to 25 years to life with the possibility of parole. Moreover, the court sentenced Gonzalez to a consecutive four-year term for personal firearm use. (*Id.* at p. 844.)

After defendant appealed his conviction, the appellate court reversed concluding that "'there are no theories under which the jury could have found both defendant and Gonzalez guilty of first degree murder.'" (*Sanchez*, *supra*, 26 Cal.4th at p. 839.) In 2001, the California Supreme Court, however, disagreed and affirmed defendant's conviction. (*Id.* at pp. 852, 854.)

Nine years later, on July 1, 2019, defendant filed a petition for relief and resentencing under section 1172.6. The trial court found a prima facie case for relief, issued an order to show cause, and set the matter for an evidentiary hearing. The parties submitted briefs. The prosecution provided transcripts from the underlying trial in 1998. At the status conference on November 17, 2023, the parties agreed to the use of the briefs and transcripts of the trial and submitted the matter for a decision. No new testimony or evidence was presented.

On December 12, 2023, the trial court denied defendant's petition because defendant did not qualify for relief under section 1172.6. The trial court concluded that the evidence from the trial showed that defendant was guilty of first degree murder because his "act of the shooting at Gonzale[z] and engaging in a gun battle on a public street in a residential neighborhood in broad daylight clearly demonstrated he was acting with express malice—intent to unlawfully kill."

On December 18, 2023, defendant filed a timely notice of appeal.

## B.     FACTUAL BACKGROUND[3]

On September 3, 1996, defendant and Omar Mendez, both admitted gang members, drove down Randall Street in Fontana, California.  Mendez was driving defendant's black Ford Escort.  As they drove past Poplar Avenue, they saw two individuals, later identified as rival gang members Gonzalez and Chris Draper, standing outside one of the houses.  Gonzalez and Draper gestured to defendant and Mendez, putting their hands up in some way.  Defendant and Mendez then made a U-turn and headed north on Poplar toward the house.

As Mendez drove the car north onto Poplar, both Gonzalez and Draper started to shoot at defendant and Mendez.  Scared, Mendez punched the gas pedal and drove as fast as he could straight up the street toward the shooters; four to five more shots were fired at defendant and Mendez.  Defendant then pulled out a "two-shooter," a very small gun, and returned fire.  Defendant shot once or twice over the roof of the car at Gonzalez and Draper.

As Draper continued to shoot, Gonzalez ran into the street behind defendant and Mendez, as they were fleeing, and kept shooting at them until they turned into another street.

During this gun altercation, the victim, Reynaldo Estrada, was outside of his son's home working on a truck.  The victim was fatally wounded.

---

[3]  On August 22, 2024, we granted defendant's request for judicial notice filed July 25, 2024, and have taken judicial notice of the records in defendant's prior appeal, case No. E022834.

The evidence at trial could not establish whether defendant or Gonzalez fired the fatal shot as the guns and bullet casings were not recovered, and the trajectory of the fatal bullet was inconclusive.

**DISCUSSION**

Counsel has filed a brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). In the brief, pursuant to *Anders*, appellate counsel identified the following issues to assist the court in its search of the record for error:

1. "Does substantial evidence support the resentencing court's finding that [defendant] is guilty of murder under current law?"

2. "Was the doctrine of transferred intent abrogated by [Senate Bill No.] 1437 and [Senate Bill No.] 775's amendment to Penal Code section 189 such that the resentencing court's denial of the petition [was] erroneous?"

Although this is an appeal from a post-conviction order, appellate counsel has filed a brief under *Wende*, *supra*, 25 Cal.3d 436, and not under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellate counsel argues that "[w]hile this appeal involves Penal Code section 1172.6 proceedings, the limitations set forth in *People v. Delgadillo* [] do not apply because the superior court denied the petition after issuing an order to show cause." (Bold and underscore omitted.) We need not determine whether this appeal should be determined under *Delgadillo* or *Wende* because even under the standards set forth under *Wende,* defendant's appeal fails.

5

After counsel filed a brief under *Wende*, we offered defendant an opportunity to file a personal supplement brief. The notice sent to defendant stated: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 []; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216[].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned." Defendant did not file a supplemental brief.

Although defendant has not filed a supplemental brief, we have exercised our discretion and independently reviewed the record for potential error. We are satisfied that defense counsel has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; see *Wende*, *supra*, 25 Cal.3d at pp. 441-442; see also *Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


CODRINGTON
J.

FIELDS
J.